**Gene ALLEN, Petitioner–Appellant,**

v.

**PEOPLE OF the State of COLORADO,
Respondent–Appellee.**

No. 09–1413.

United States Court of Appeals,
Tenth Circuit.

Jan. 11, 2010.

Gene Allen, Lovelock, NV, pro se.

Before LUCERO, McKAY, and
MURPHY, Circuit Judges.

**ORDER**

MICHAEL R. MURPHY, Circuit
Judge.

On June 10, 2009, *pro se* petitioner Gene
Allen filed a pleading styled, "Motion to
Modify an Illegal Sentence," with the United States District Court for the District of
Colorado. The district court construed the
pleading as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.
The court entered an order directing Allen
to file his claims on a court-approved form.
He was also instructed to either pay the
filing fee or file a motion for leave to
proceed *in forma pauperis.* Allen was
warned that the action would be dismissed
if he failed to cure the deficiencies within
thirty days. Allen filed the *in forma pauperis* motion but did not submit his claims
on a court-approved form. Accordingly,
the district court dismissed the action
without prejudice for failure to cure all
deficiencies. Allen then filed a motion
pursuant to Rule 59(e), seeking reconsideration of the court's dismissal. The motion
was denied on August 7, 2009.

Allen filed a notice of appeal which was
received by the court on September 14,
2009. Because the notice of appeal was
untimely, this court ordered Allen to show
cause as to why his appeal should not be
dismissed for lack of jurisdiction. *See
United States v. Ceballos–Martinez,* 387
F.3d 1140, 1143 (10th Cir.2004) (holding a
*pro se* prisoner seeking to take advantage
of the prison mailbox rule set out in Fed.
R.App. 4(c)(1) must submit either a "declaration in compliance with 28 U.S.C.
§ 1746" or a "notarized statement," and
such declaration or statement must "state
that first-class postage has been prepaid").
Allen failed to respond to this court's order
or file a declaration that complied with the
requirements of Rule 4(c)(1). Accordingly,
we conclude the prison mailbox rule does
not apply and we lack jurisdiction over
Allen's untimely appeal.

Even if Allen had successfully proven
that his notice of appeal was timely, we
note that this § 2254 application is not the
first § 2254 application Allen has filed relating to his Colorado conviction in Criminal Case No.1993–CR–001593. *See, e.g.,
Allen v. Colorado,* 205 Fed.Appx. 675 (10th
Cir.2006); *Allen v. Suthers,* 298 Fed.Appx.
774 (10th Cir.2008) (unpublished order denying certificate of appealability); *see also
In re Allen,* No. 08–1021 (10th Cir. Feb.
29, 2008) (unpublished order denying Allen
authorization to file a second or successive
§ 2254 habeas petition); *In re Allen,* No.
08–1464 (10th Cir. Dec. 9, 2008) (same).
Thus, the instant § 2254 habeas petition,
which also raises challenges to Criminal
Case No.1993–CR–001593, is yet another
unauthorized second or successive petition
and the district court should have dismissed it for lack of jurisdiction. 28
U.S.C. § 2244(b)(3)(A); *In re Cline,* 531
F.3d 1249, 1252 (10th Cir.2008).

Allen's appeal is **dismissed.** His motion
to proceed *in forma pauperis* on appeal is
**denied.**